IN THE COURT OF CRIMINAL APPEALS


OF TEXAS






NOS. WR-78,230-01 and 78,230-02






EX PARTE FELIPE DIAZ, Applicant








ON APPLICATIONS FOR WRITS OF HABEAS CORPUS


CAUSE NOS. 10-319-A and 10-320-SJ-A IN THE 130TH DISTRICT COURT


FROM MATAGORDA COUNTY






 Per curiam.


O R D E R



 Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the
clerk of the trial court transmitted to this Court these applications for writs of habeas corpus. Ex
parte Young, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of tampering
with evidence and possession of a controlled substance with intent to deliver, and he was sentenced
to concurrent terms of twenty years and two years' imprisonment, respectively. 

 Applicant claims he was denied due process because the trial court failed to admonish him
of his appellate rights or complete a certification of right to appeal, and he claims his trial counsel
was ineffective for failing to advise him of his appellate rights or file a notice of appeal.

 

 Applicant has alleged facts that, if true, might entitle him to relief. Strickland v. Washington,
466 U.S. 668 (1984); Ex parte Patterson, 993 S.W.2d 114, 115 (Tex. Crim. App. 1999); Ex parte
Axel, 757 S.W.2d 369 (Tex. Crim. App. 1988). In these circumstances, additional facts are needed. 
As we held in Ex parte Rodriguez, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is
the appropriate forum for findings of fact. 

 The trial court shall order trial counsel to respond to Applicant's claims of ineffective
assistance of counsel. In doing so, the trial court may use any means set out in Tex. Code Crim.
Proc. art. 11.07, § 3(d). If the trial court elects to hold a hearing, it shall determine whether
Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court
shall appoint an attorney to represent Applicant at the hearing. Tex. Code Crim. Proc. art. 26.04. 

 The trial court shall make findings of fact and conclusions of law as to whether Applicant
was denied his right to a meaningful appeal. The trial court shall also make any other findings of fact
and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim
for habeas corpus relief.

 This application will be held in abeyance until the trial court has resolved the fact issues. The
issues shall be resolved within 90 days of this order. A supplemental transcript containing all
affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or
deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall
be forwarded to this Court within 120 days of the date of this order. Any extensions of time shall be
obtained from this Court. 


Filed: September 12, 2012 

Do not publish